IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXINGO PAYE NICOL, : | |
| : | CIVIL ACTION |
| : | |
| Plaintiff : | NO. 09-1800 |
| : | |
| v. : | |
| : | |
| UNITED NATIONS MISSIONS : | |
| IN LIBERIA, et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

**Slomsky, J.**                                                                                                             **July 30, 2009**

Before the Court is a Motion to Dismiss under the Federal Rules of Civil Procedure 12 (b)(6) filed by Defendants United Nations, United Nations Missions in Liberia ("UNMIL") and Rudillo Anida Phillipino. For the reasons stated below, the Court will grant the Motion to Dismiss filed by the three Defendants in their entirety.[1]

**I. FACTS** [2]

This case stems from events occurring entirely overseas. On December 16, 2005, a United Nations vehicle in Monrovia, Liberia, driven by Defendant Phillipino, a United Nations employee,

---

[1] A Motion to Dismiss was not filed on behalf of Defendant Providence International Insurance Corporation ("Providence Insurance"). Defendant Provident Insurance, a multinational insurance corporation with a business address in Monrovia, Liberia, has not been served. The Court will issue an order to show cause requiring Plaintiff to explain why the case should not be dismissed for lack of prosecution as to Defendant Providence Insurance.

[2] The facts are taken from the Complaint only and are viewed in the light most favorable to the Plaintiff.

1

struck a pedestrian, Plaintiff Exingo Paye Nicol. Plaintiff received his initial care at Jormed Level III Hospital. The United Nations later moved Plaintiff to the Military Hospital, Neghelli Barracks, ACCRA, where physicians inserted plates and screws into his legs. (Id.) After the accident, Plaintiff traveled to Philadelphia, Pennsylvania where he currently resides. Physicians at Jefferson Hospital in Philadelphia believe they must remove the plates and screws inserted at Defendants' hospital.[3] Plaintiff is a Liberian citizen who has been granted asylum in the United States. He no longer maintains a residence in Liberia.[4] While Plaintiff is not a United States citizen, he is currently eligible to adjust his status to one of a lawful permanent resident. (Id.)  Defendant United Nations is an international organization with its principle place of business located on international territory at 405 E. 42nd Street New York, N.Y. 10017. Defendant UNMIL is a United Nations Mission with its principle place of business located at P.O. Box 4677, Grand Central Station, New York, N.Y. 10163. Defendant Rudillo Anida Phillipino is the operator of the United Nations truck whose last known address is Star Base Bishrod Island, Monrovia, Liberia.

Defendants argue that Plaintiff's claims are barred because the United Nations, UNMIL, and the driver enjoy broad immunity from legal process. Plaintiff argues to the contrary that Defendants waived their immunity because: (1) they initially paid for Plaintiff's medical expenses; (2) the driver acted outside his official capacity; and (3) they are covered by liability insurance for this accident.

---

[3] It is unclear from the face of the Complaint why Plaintiff originally sought medical attention in Philadelphia. The Complaint does not allege that Plaintiff was experiencing pain related to his injuries sustained in the accident or that the plates were negligently inserted by Defendants' doctors.

[4] While Defendants stated that "[u]pon information and belief" Plaintiff maintains a residence in Liberia, the Court must accept facts most favorable to Plaintiff.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted) (reasoning that this statement of Rule 12(b)(6) standard remains acceptable following U.S. Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007)).

To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." Phillips, 515 F.3d at 234.  When a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, at *31 (2009)(reaffirming rationale set forth in Twombley).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 29. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Id.

### B.  Immunity

#### 1.  United Nations

Plaintiff's claims against Defendant United Nations are barred by absolute immunity.  While no decision from the Third Circuit Court of Appeals or courts located in the Eastern District of

3

Pennsylvania is on point, other courts have held that the United Nations enjoys absolute immunity from suit on three independent grounds[5]: (1) The Convention on the Privileges and Immunities of the United Nations, General Convention art. 2 § 2, Feb. 13, 1946, 21 U.S.T. 1418, 1422 (emphasis added) ("The United Nations, its property and assets wherever located and by whomsoever held, shall enjoy immunity *from every form of legal process* . . ."); (2) International Organizations Immunities Act ("IOIA"), 22 U.S.C. § 288a(b) § 2(b) ("International organizations, their property and their assets, wherever located, and by whomsoever held, shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purpose of any proceedings or by the terms of any contract."); and (3) U.N. Charter art. 105 (providing the United Nations "shall enjoy . . . such privileges and immunities as are necessary for the fulfilment of its purposes" and "[r]epresentatives . . . and officials . . . shall similarly enjoy such privileges and immunities as are necessary for the independent exercise of their functions"). See, e.g., Van Aggelen v. United Nations, 311 Fed. Appx. 407 (2d Cir. 2009).

The immunity of the United Nations is "absolute unless expressly waived." Emmanuel v. United States, 253 F.3d 755, 756 (1st Cir. 2001). Courts have "widely and uniformly upheld" this immunity. See Restatement (Third) of Foreign Relations Law: Privileges and Immunities of International Organizations § 467 (1987). Moreover, immunity extends to tortious conduct. See generally Bisson v. United Nations, 2008 WL 375094 (S.D.N.Y. Feb. 11, 2008) (dismissing gross negligence and intentional tort suit against United Nations). Confronted by this broad application

---

[5]Because the United Nations has an address in New York City, most applicable case law is from the Second Circuit Court of Appeals and courts located in the Southern District of New York.

of absolute immunity, Plaintiff argues that the United Nations waived its immunity by providing him with medical treatment. Plaintiff claims that the United Nations undertook a duty to fully treat him and compensate him for damages when it (a) provided medical care for over a month after the accident and (b) did not claim immunity at that time. This Court will not find an implied waiver under these circumstances. The United Nations must *expressly* state its intention to waive its absolute immunity in order to do so. See, e.g., Emmanuel, 253 F.3d at 756 (emphasis added). The United Nations never expressly waived its immunity and had no obligation to assert its immunity at the time of the accident or treatment because Plaintiff had not instituted suit. Moreover, the purchase of liability insurance does not establish that the United Nations expressly waived its absolute immunity. Consequently, the United Nations is immune from legal process.

        2.       The United Nations Mission in Liberia

UNMIL enjoys the same immunity as the Untied Nations. UNMIL is an extension program of the United Nations, and is not devoid of immunity. See Bisson, 2008 WL 375094, at *4 (finding World Food Program is a program of United Nations, not independent, because it acts under United Nations' authority and United Nations intended it to be part of organization); see also Emmanuel, 253 F.3d at 757 (holding absolute immunity extends "unequivocally" to United Nations Mission in Haiti).[6]

---

[6] The Court is limited to the allegations in the Complaint for purposes of deciding the Motion to Dismiss. However, the Court has reviewed the November 24, 2007 letter from the UNMIL attached as Exhibit "A" to Plaintiff's Supplemental Response to Defendants' Reply to the Plaintiff's Opposition to Defendants' Motion to Dismiss. The content of the letter does not constitute an express waiver of immunity by UNMIL. Reference in the letter to its insurer, Providence Insurance, and even an offer to settle all medical bills and expenses, does not constitute an unequivocal waiver of immunity. See Emanuel, 253 F.3d at 756; Askir v. Boutros-Ghali, 933 F. Supp. 368, 371 (S.D.N.Y. 1996). Furthermore, Plaintiff cites no case in support of their argument that such language, as is included in the letter, amounts to an express waiver of

       3.      Driver Rudillo Anida Phillipino

Finally, the driver, Rudillo Anida Phillipino, also enjoys absolute immunity. However, as an employee and not an international organization, Defendant Phillipino is subject to § 7(b) of the International Organizations Immunities Act, 22 U.S.C. § 288d(b) rather than § 2(b) of 22 U.S.C. § 288a(b). See Rendall-Speranza v. Nassim, 107 F.3d 913, 919 (D.C. Cir. 1997). The pertinent provision provides: "officers and employees of [international] organizations shall be immune from suit and legal process relating to acts performed by them in their official capacity and falling within their functions as such representative, officers, or employees." 22 U.S.C. § 288d(b) § 7(b). At the time of the accident, Defendant Phillipino acted in his official capacity and in the course of his employment as a driver– driving a United Nations vehicle. Further, Plaintiff's Complaint contains no allegations that Phillipino was acting outside the scope of his employment at the time of the accident. Consequently, Plaintiff's claims against Defendant Phillipino are barred by immunity. See Rendall-Speranza, 107 F.3d at 920 (holding defendant employee immune from legal process because he acted within scope of employment when tortious conduct occurred).

Because the Court is granting the Motion to Dismiss based on entitlement to immunity, it is unnecessary to reach Defendants' alternative arguments that the court lacks personal jurisdiction and should dismiss the action based on the doctrine of *forum non conveniens*. An appropriate order follows.

---

absolute immunity.